### No. 11,450.

### EMMA S. MAJOR VS. HER CREDITORS.

In legal contemplation there is no debt of the tutor to the minor until the end of the tutorship and settlement of the tutor's account. Hence, at a meeting of creditors of the tutor to elect a syndic, his vote can not be received based on the supposed debt to the minor, the tutorsnip still subsisting and there having been no settlement of accounts, and the law exacting that the debt on which the creditor votes at such meeting be fixed and certain. Revised Statutes, Sec. 1796; C. C., Art. 3086; 6 La. 462; 38 An. 15; 6 An. 224.

Nor, in another view, can the tutor vote at such meeting on a supposed debt due by himself individually to himself as tutor. He can not, as tutor, act against or sue himself individually. It the interests of the minor are at all concerned at the meeting of the creditors of the tutor, it is for the under-tutors to act for the minors. C. C., Art. 275; 12 An. 361; 29 An. 531.

It is contrary to the spirit of our law for the protection of minors, that the tutor seeking a discharge from his debts should subject the minors to the operation of the insolvent laws, so as to affect their rights against him, least of all to cancel their mortgage against him, under the section of our insolvent laws directing the erasure of mortgages. Hence, the tutor can not, in our view, bring the minors before the meeting of the creditors by assuming to vote for them. C. C. Art. 3314; 33 An. 49; 29 An. 531; 31 An. 217; 12 An. 361.

APPEAL from the Fourteenth District Court, Parish of Pointe Coupee. *Talbot, J.*

---

*O. O. & A. Provosty* Attorneys for Opponents and Appellants:

1. The under-tutor, and not the tutor, has the mandate from the law to represent the minors at the meeting of creditors held to elect a syndic for the insolvency of the tutor.

2. The effect of making minors parties to the proceedings of the insolvency of their tutor would be to enforce their claims against their tutor pending the tutorship and to authorize the erasure of their mortgage on the property of the tutor sold in the course of the insolvency proceedings; and as this effect can not be sanctioned, the conclusion must be adopted that minors can not be made parties to the proceedings of the insolvency of their tutor, except under special circumstances and by means of special proceedings. Gibbs vs. Lum & Co., 29 An. 531; Schneider vs. Burns, 45 An. 875; Life Association vs. Hall, 33 An. 49.

3. The claims of a minor against his tutor can not, pending the tutorship, be made the basis of a vote at the meeting of creditors held to elect a syndic for the insolvency of the tutor; but, if they can, they must first be liquidated by a judgment, and be so liquidated with special reference to the insolvency. A *pro forma*, irregular liquidation of six months back, had in another connection, will not suffice. 38 An. 17, 510; 12 M. 157; 6 La. 462; 7 An. 624; 29 An. 526; 34 An. 30, 418, 984; 32 An. 457; 2 Rob. 415; 33 An. 595; 31 An. 217.

*L. B. Claiborne* and *M. Tacon Hewes* Attorneys for Appellee:

A surrender by an insolvent and the acceptance of the cession by the court vests the title to the property surrendered in the creditors. 23 An. 337.

A cession accepted by the creditors transfers the property to them as completely as any other mode of alienation. 2 La. 354.

Minors being creditors of an insolvent must be represented at the meeting of creditors of said insolvent, and the natural tutrix is the only person who can represent the minors, unless she be divested by an order of court and some other person be specially authorized by the court to act for said minors instead of said natural tutrix.

The opinion of the court was delivered by

MILLER, J. This is an appeal by creditors of the insolvent and by the party claiming to have been elected syndic, from the judgment of the lower court, maintaining the appointment of syndic made by the court, on the ground there had been no election.

At the meeting of the creditors John R. Picton, one of the appellants, and Joseph D. Major, were candidates for syndic. Among the votes cast and counted by the notary for Major was that of the insolvent, voting on an asserted debt claimed to be owing by herself as tutrix of her minor children to herself as tutrix. The vote counted produced the result stated by the notary; a majority in amount voting for Major and a majority in number for Picton. The meeting of creditors was closed on the 9th of December, the *proces verbal* of their deliberations filed in court on the 10th, and on that day the court appointed a syndic on the basis of no election stated by the notary. Within the ten days from the filing in court of this *proces verbal*, Picton opposed the appointment of syndic by the court and certain votes counted for Major, and insisted that these votes excluded, he, Picton, had been elected syndic. This opposition was dismissed, the appointment of the syndic by the court maintained, and from that judgment the appeal is by Picton and the creditors who voted for him.

Major vs. Creditors.

The discussion in this court presents but two propositions for decision: Had the lower court the right to appoint the syndic before the expiration of the ten days allowed for opposition.    2. Should not the vote of the tutrix for herself have been excluded and Picton decreed elected.   The argument in' this court concedes that if the vote of the tutrix is excluded, that Picton was elected.  We take the case on the basis of that concession.

Within the ten days allowed for oppositions to the proceedings before the notary, no appointment of syndic should be made by the court, for such appointment could not stand if the votes on·which it depended were subsequently set aside on the creditors' opposition. Revised Statutes, Sec. 1802.  If rightfully made—*i. e.*, on votes entitled to be cast, it would not be set aside on appeal.   This appeal, however, brings before the court the question of the legality of the vote cast by the tutrix.   The decision of that question controls the case.

It is exacted by the law that the debt of the creditor on which he votes for syndic or matters and questions submitted to the creditors' meeting, must be liquidated.   The amount of the debt represented by the votes cast, is one of the elements that determines the election of the syndic.   To the end of ascertaining that amount of debt each creditor is required to " certify on oath."  The obligation that may become a debt—*i. e.*, dependent on future conditions, is not a debt on which the creditor can vote.   Consistently with the theory of the law requiring certainty as to the debt, it is settled that the wife in community shall not be allowed to vote unless her rights have been fixed by a partition or judgment for a separation of goods.   So the vote based on notes of the insolvent given to his children to represent their interest in an unsettled community between their deceased mother and their father, the insolvent, were rejected because the supposed debts were not deemed liquidated.   Revised Statutes, Secs. 1796, 1799; Terry & Sons vs. Creditors, 38 An. 17; Lesseps vs. Creditors, 7 An. 624.  In view of our law and jurisprudence on this subject, it can not be maintained, in our opinion, that pending the tutorship, especially when there has been no liquidation of the accounts of the tutor, that there is any fixed debt by the tutor to the minors.   The special mortgage in this case given in April, 1892, or, indeed, at any time, would not liquidate the debt of the tutrix.   The mortgage is to secure the
.24

ultimate rights of the minor as they may exist at the end of the tutorship. How then can it be held to fix debt of the tutrix at the incipiency or any stage of the tutorship? Until the tutorship ends, no suit can be brought to enforce the minor's right. The law considers that until that end of the tutorship, there is no debt due by the tutor. The only debt of the tutor incident to the relations he holds to his ward, is that which may exist when he ceases to be tutor. We, therefore, hold there was no debt in any legal acceptation on which the tutrix could predicate the vote cast by her for syndic. Gibbs vs. Lum & Co., 29 An. 531; Linn vs. Dee, 31 An. 217; Stewart vs. Bragg, 12 An. 361; Lesseps vs. Creditors, 7 An. 624; Succession Edwards & Wilson, 32 An. 459.

The view already expressed that the tutrix has no debt on which she can vote is enough to dispose of this case. There is, however, another aspect of the case. If the tutrix can appear in these insolvent proceedings it must be on the theory that she is to be deemed a creditor in her capacity of tutrix, of herself as the insolvent. She certainly is not competent to sue herself. If any proceeding in this matter could be deemed requisite to protect the interest of the minors, surely the tutrix could not act for them. Stewart vs. Bragg, 12 An. 361; Gibbs vs. Lum & Co., 29 An. 531. Again, creditors who appear in insolvent proceedings are subjected to the control vested by the law in the syndic. He is to sell the property, raise mortgages and pay the debts of the creditors, with the proceeds realized. The tutrix has no power to enforce the debt supposed to be due by her as tutrix, nor can she by any act displace the minors' mortgage, under our law to endure till the end of her tutorship. The nature of her relation to the minors precludes her, in our opinion, from appearing at the meeting of creditors. The minors are supposed to be fully protected by the special mortgage given by her. See Life Insurance Association vs. Hall, 33 An. 49. She can at the meeting of her creditors, convened under the insolvent laws, on her application perform no function or exercise no right with respect to the debt she may ultimately owe her wards, least of all, disturb the mortgage to secure their rights vesting in her property. In our view her vote as tutrix at that meeting was illegal.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be reversed; that the appointment of John Yoist as syndic of the creditors of Emma S. Major be avoided and annulled,

and that John R. Picton be and he is hereby decreed to be duly elected syndic of said creditors, with the right of exercising the duties of said office on giving bond as required by law, and that appellees pay costs.